# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ESTES EXPRESS LINES,

    Plaintiff,

v.                                                                       Case No: 8:19-cv-467-T-36AEP

COVERLEX, INC.,

    Defendant.

_____

## **O R D E R**

This cause comes before the Court upon Plaintiff's Motion for Default Judgment (Doc. 11). Plaintiff's two-page Motion requests that the Clerk enter judgment against Defendant, pursuant to Federal Rule of Civil Procedure 55(b)(1), in the sum certain of $1,829,646.64. Upon review, the Court will deny Plaintiff's Motion without prejudice.

Plaintiff filed a two-count Complaint in this Court on February 22, 2019 against Defendant for breach of contract and quantum meruit. Doc. 1. According to the Complaint, Plaintiff performed transportation services on behalf of Defendant and, pursuant to an agreement, extended shipping discounts and preferred pricing to Defendant. Doc. 1 at ¶¶ 5, 7. Defendant tendered numerous shipments of commercial goods to Plaintiff, and each shipment was delivered to its respective destination without loss, damage, or delay. Doc. 1 at ¶ 16. Plaintiff invoiced its charges to Defendant in the amount of $335,575.69, but Defendant refused to pay. Doc. 1 at ¶¶ 18-19. Plaintiff advised Defendant that further failure to remit payment would result in forfeiture of its discount and/or a thirty percent penalty of undiscounted freight charges for a total amount due of $1,833,322.01. Doc. 1 at p. 17.

Plaintiff served Defendant on March 5, 2019 by serving manager Paul Flores at the Defendant's business. Doc. 8-1. On March 29, 2019, Plaintiff filed a motion for default based on Defendant's failure to timely respond to the Complaint. Doc. 9. The Clerk entered a default against Defendant the same day. Doc. 10. On April 2, 2019, Plaintiff filed the instant Motion.

## DISCUSSION

Obtaining default judgment against a defendant entails a two-step process. *See Martinez v. Askins & Miller Orthopaedics*, No. 8:17-cv-1923-EAK-TGW, 2018 WL 3391262, at *2 (M.D. Fla. May 22, 2018). First, when a defendant fails "to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default" upon the plaintiff's request. Fed. R. Civ. P. 55(a).

After the clerk enters the default, the plaintiff may proceed by seeking default judgment under either Rule 55(b)(1) or (2). *See Martinez*, 2018 WL 3391262, at *2; Fed. R. Civ. P. 55(b). If the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation," the plaintiff can request that the clerk enter default judgment for the amount pursuant to Rule 55(b)(1). *Campbell v. Humphries*, 353 Fed. Appx. 334, 337 (11th Cir. 2009) (citing Fed. R. Civ. P. 55(b)(1)). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Although Rule 55(b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment. *See Color Events, BV v. Multi Talent Agency, Inc.*, No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018).

Default does not automatically warrant the entry of default judgment. Although a defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact,"

2

*Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Similarly, a plaintiff is entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Therefore, a court must conduct an analysis to determine whether the well-pleaded factual allegations of the plaintiff's complaint provide a sufficient basis for a judgment against the defendant. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Plaintiff's Motion seeks default judgment by the Clerk pursuant to Rule 55(b)(1). In support of the Motion, Plaintiff attaches an affidavit, which Plaintiff states "proves up the debt that is owed to the Plaintiff in the principal sum of $1,829,646.64." Doc. 11 at p. 2. That amount consists of $335,575.69 in original freight charges, $1,493,578.45 in "lost discount charges," and $492.50 in court costs. Doc. 11-1 at p. 4.

Plaintiff's affidavit references 62 pages of pricing provisions and invoices attached to Plaintiff's Complaint. The pricing provisions provide various pricing schedules based on shipment destination and shipment weight. Doc. 1 at p. 7. The pricing provisions also list discounts, minimum charges, and refer to "tariff exceptions." They state that "all shipments moving under these provisions shall be subject to the rules set forth in Item 1000 of the EXLA 668 Discount Tariff and the EXLA 105 Rules Tariff in effect at time of shipment" and that "all shipments shall be subject to the applicable rates and floor minimum charges contained in the EXLA 550 Tariff in effect at the time of shipment." Doc. 1 at p. 14. Those statements "indicated that the terms of Estes' Tariff would apply to all shipments tendered pursuant to" the pricing provisions. Doc. 11-1 at p. 2.

The invoices consist of hundreds of line item charges, each of which list a freight bill number, "FB Date," reference number, most recent statement number, and the amount due. The line item charges apparently reflect the cost of each of Plaintiff's services as owed by Defendant.

Plaintiff's Complaint and affidavit do not provide the terms of the tariffs, do not include information about the shipments—for example, the destination, weight, or rate,—to determine how the $335,575.69 freight charges were calculated, and do not include sufficient information about how the discounts were calculated and removed, resulting in higher charges. Plaintiff merely concludes the amount due without providing sufficient factual material to prove the two main components of the total damages.

There is not sufficient information to enter a default judgment based upon the facts Plaintiff has provided. Moreover, even with additional facts, it is unclear that a Clerk's default judgment pursuant to Rule 55(b)(1) would be appropriate in this case given the explanatory information needed to prove the damages sought.

Default judgment is also inappropriate at this time because Plaintiff has failed to address liability and failed to include a memorandum of legal authority with its Motion. As discussed above, an entry of default does not automatically entitle a plaintiff to default judgment. Moreover, the Local Rules of the Middle District of Florida ("Local Rules") provide that "[i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages." M.D. Fla. L.R. 3.01(a).

Plaintiff's two-page Motion merely points out that the Clerk entered default, cites Rule 55(b)(1), and refers to the attached affidavit. Plaintiff does not include a memorandum of legal authority in the Motion.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Default Judgment (Doc. 11) is **DENIED** without prejudice.

2. Plaintiff may re-file its Motion for Default Judgment, pursuant to Rule 55(b)(2), and include a memorandum of legal authority which complies with the Local Rules.

**DONE AND ORDERED** in Tampa, Florida on April 19, 2019.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD AND UNREPRESENTED PARTIES, IF ANY