UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTES EXPRESS LINES,

    Plaintiff,

v.                                            Case No: 8:19-cv-467-T-36AEP

COVERLEX, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Plaintiff's Motion for Entry of Default Final Judgment by Court [Doc. 32], filed on November 9, 2020. In the motion, Plaintiff requests the entry of a Default Final Judgment. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion for Entry of Default Final Judgment by Court.

**I.    BACKGROUND[1]**

In 2018, Defendant Coverlex, Inc. ("Coverlex") tendered approximately 2,500 shipments of commercial goods to Plaintiff Estes Express Lines for shipment under a pricing agreement, which among other things provided shipping discounts and preferred pricing to Coverlex. [Doc. ¶¶ 6, 7, 10, 12; pp. 7-14. Coverlex was invoiced $335,575.69 for these shipments but failed to pay. *Id.* ¶¶ 18-20. Because of the failure

---

[1] The facts giving rise to this action have been laid out in detail in the Court's prior orders and will be discussed briefly here. *See* Docs. 15, 20.

to pay, Estes removed the discounts that had been applied—in accordance with the agreement—resulting in undiscounted freight charges due and owing in the amount of $1,829,154.14. *Id.* ¶¶ 21-23, p. 17. This included lost discount charges of $1,493,578.45. *Id.* at ¶ 23.

Estes then filed this lawsuit for breach of contract and *quantum meruit* and obtained a Clerk's default after Coverlex failed to answer or otherwise respond to the Complaint. [Docs. 1, 10]. The Court subsequently entered default judgment as to liability, but deferred ruling on damages as Estes had not established the amount of damages sought. [Doc. 15]. Eventually the matter was set for an evidentiary hearing to allow Estes to explain, among other things, how the shipping discounts were calculated and removed for each of the 2498 freight bills at issue. [Doc. 20 at pp. 5-8]. At a September 8, 2020 hearing, Estes provided testimony from Albert Wilder, Jr., the claim resolution services manager. [Doc. 24]. Mr. Wilder discussed several randomly selected freight bills and explained what the various figures represented and how they were calculated. He also explained how Estes determined the discounted and undiscounted shipping costs. The Court admitted into evidence the 2,498 invoices that reflected the breakdown of the various charges, including the discounted and undiscounted rates. The Court also admitted into evidence Estes' confidential tariffs that contained its base rates for shipping.

## II.   LEGAL STANDARD

"A court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir.

2

2003). "Damages in cases of default are governed by Rule 55." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017). "Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that following entry of a default judgment, a district court may conduct an evidentiary hearing 'to determine the amount of damages or to establish the truth of any averment by evidence....' " *Id.* (quoting Fed. R. Civ. P. 55(b)(2)). However, "[t]he district court may forego a hearing 'where all essential evidence is already of record.' " *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *SEC v. Smyth,* 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005)). The Court may not take a judicial leap of faith in fixing the amount of a default judgment. *Phazzer Elecs., Inc. v. Protective Sols., Inc.*, No. 6:15-CV-348-ORL-31DAB, 2015 WL 7184561, at *5 (M.D. Fla. Oct. 27, 2015), *report and recommendation adopted,* No. 6:15-CV-348-ORL-31DAB, 2015 WL 7076847 (M.D. Fla. Nov. 13, 2015). "Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from …" *Id.* (quoting *PNCEF, LLC v. Hendricks Bldg. Supply LLC,* 740 F.Supp.2d 1287, 1293–94 (S.D.Ala.2010)).

### III.   DISCUSSION

Estes has sufficiently established that its damages are in the amount of $1,829,154.14. It had initially provided testimony from its Credit Analyst, Donna Ferguson, that this amount comprised original freight charges of $335,575.69, and lost discount charges of $1,493,578.45. [Doc. 19-1 ¶ 24]. Ms. Ferguson provided the pricing

agreement governing Coverlex's shipments and the discount forfeiture notice which provided line item details for 2,498 past due freight bills and notified Coverlex that it would forfeit its discounts if it did not remit payment in full in twenty days. *Id.* at pp. 7-14, 15-69. Having determined that the evidence was deficient as there was no line item reflecting lost discounts totaling $1,493,578.45, and that Estes had failed to explain how the shipping discounts were calculated and removed, the Court took additional evidence on the matter.

At the evidentiary hearing on September 8, 2020, Mr. Wilder explained with reference to randomly selected freight bills, the pricing agreement, and its confidential tariffs, how it arrived at the discounted amounts reflected in its freight bills and the undiscounted amounts its was seeking to recover from Coverlex. He explained that the rates in the pricing agreement were specific to Coverlex based on shipping volumes. Base shipping rates were listed in the 550-01 tariff and varied according to the zip codes between which the shipment moved. [Doc. 31]. Estes would then apply to the base rate a discount or minimum charge that is provided in the pricing agreement. To illustrate this, the invoice for the shipment of barrel covers—weighing 60 pounds—to Shawnee, Oklahoma from Clearwater, Florida reflects a base rate of $537.03. [Doc. 27-2 at p. 1]. The pricing agreement provides that shipments to or from Oklahoma being less than or equal to 100 pounds have an $84 minimum charge. [Doc. 19-1 at p. 7]. Applying that minimum charge, Coverlex received a discount of $453.00.

4

[Doc. 27-2 at p. 1]. A residential fee[2] of $15.00 and a fuel surcharge[3] of $20.66 were added to the minimum charge of $84 for a total discounted cost of $119.66 for that shipment. *Id.* Because of the failure to make payment, the $453.00 discount was forfeited, and the price returned to the base rate of $537.03 [Doc. 31-6 at p. 28], which when added to the residential fee and fuel surcharge amounted to a total charge of $572.69.

Having not received payment for any of its shipments, Estes notified Coverlex in writing that its account was past due and if Coverlex did not remit payment in full within 20 days, it would forfeit its discount for each shipment and/or incur a penalty. [Doc. 19-1 at p. 17]. Because it did not receive payment from Coverlex, Estes turned over the account for collections. It also removed the discount from each of the 2,498 freight bills and added a 30% collection fee—that is set forth by tariff EXLA 105 series, items 720 and 720-50—for a total balance in the amount of $1,833,322.01.[4] Based on the testimony presented by Mr. Wilder and the other evidence presented to the Court, Estes has now sufficiently *shown* the Court what its damages are, how they are calculated, and from where they derived. *Phazzer Elecs., Inc.,* 2015 WL 7184561, at *5. As such, Estes has established its entitlement to judgment in the amount sought.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

---

[2] The amount varied as set out in the pricing agreement. [Doc. 19-1 at p. 13].
[3] According to Mr. Wilder, this rate varies based on where the shipment is being delivered to and is set by the Department of Energy and updated weekly.
[4] Estes has noted that this amount reflects what is due but it will abide by its clerical error and accept judgment for the lesser amount of $1,829,154.14. [Doc. 19-1 at p. 5 n.3].

1. Plaintiff's Motion for Entry of Default Final Judgment by Court [Doc. 32] is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Plaintiff Estes Express Lines and against Defendant Coverlex, Inc. in the amount of $1,829,154.14.

3. The Clerk is further directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on January 8, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any